IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| United Financial Casualty Company, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Case No.: |
| Tonia Broaders; Dominick Foster, II, individually and as parent and next friend to D.F., III, a minor; Osman A. Nur; Laneway Transport, Inc.; and Coreway Global Logistics, Inc., | * * * * * * * | |
| Defendants. | * | |

# Complaint for Declaratory Judgment

United Financial Casualty Company, a Progressive company, files this action pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332 seeking a declaratory judgment that it owes no liability coverage for the allegations in the underlying suit under the commercial auto policy number 980547779 issued to Laneway Transport, Inc.

This action arises out of a suit filed by Defendants Tonia Broaders and Dominick Foster, II, individually and as parent and next friend to D.F., III, a minor, against Osman A. Nur, Laneway Transport, Inc., and Coreway Global

Logistics, Inc. The underlying tort suit, styled as *Tonia Broaders, et al. v. Osman A. Nur, et al.*, bearing civil action number CV-2024-902805, and pending in the Circuit Court of Mobile County, Alabama, arises out of an automobile accident involving a commercial vehicle allegedly owned by Laneway Transport and operated by Osman Nur.

In short, there is no liability coverage for the accident under the United Financial commercial auto policy because Osman Nur was not driving an "insured auto" as defined by the Policy.

I.   The Parties

1.   Plaintiff United Financial is an Ohio domiciled property and casualty company who is wholly owned by Progressive Commercial Holdings. Progressive Commercial Holdings is a Delaware corporation with its principal place of business in the State of Delaware, and it is a citizen of the State of Delaware.

2.   Defendant Tonia Broaders is an adult citizen of the State of Alabama.

3.   Defendant Dominick Foster, II, individually and as parent and next friend to D.F., III, a minor, is an adult citizen of the State of Alabama.

4.   Defendant Osman Nur is an adult citizen of the State of Georgia.

5. Defendant Laneway Transport, Inc. is a Minnesota corporation with its principal place of business in the State of Minnesota, and it is a citizen of the State of Minnesota.

6. Defendant Coreway Global Logistics, Inc. is a North Dakota corporation with its principal place of business in the State of North Dakota, and it is a citizen of the State of North Dakota.

## II. Jurisdiction and Venue

7. This action is brought pursuant to 28 U.S.C. §§ 1332 and 2201. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and complete diversity exists. The underlying suit seeks compensatory and punitive damages for personal injuries suffered by two adults and one minor. The commercial auto policy has $1,000,000 in policy limits.

8. Venue is proper in this district and division because the underlying automobile accident occurred in Mobile County, Alabama. 28 U.S.C. 1391(b)(2). Additionally, at least one defendant resides in this district. 28 U.S.C. 1391(b)(1).

## III. The Underlying Facts

9. On August 13, 2024, Broaders and Foster were traveling in an automobile southbound on I-65 in Mobile County when they were struck by a 2020 Volvo VNL tractor, pulling an unidentified trailer, operated by Osman Nur. Underlying Complaint, **Exhibit A**.

10. The 2020 Volvo has a Vehicle Identification Number (VIN) of 4V4NC9TH6LN223383 and was allegedly owned by Laneway Transport. Crash Report, **Exhibit B**.

11. Based upon information and belief, Laneway Transport purchased the 2020 Volvo on May 15, 2024.

12. United Financial issued a commercial auto policy to Laneway Transport, Inc., bearing policy number 980547779, for the policy period from April 29, 2024 to April 29, 2025, a certified copy of which is attached as **Exhibit C** and incorporated by reference in this Complaint.

13. The 2020 Volvo is not listed as an insured vehicle on the Policy's declarations. Policy Declarations at UF000002-UF000004, **Exhibit C**.

14. Osman Nur is not listed as an insured driver under the Policy at the time of the accident. Policy Declarations at UF000004, **Exhibit C**.

15. Defendant Coreway Logistics is identified as Osman Nur's employer in the Alabama Uniform Traffic Crash Report. Crash Report, **Exhibit B**.

16. In the underlying suit, Broaders and Foster allege that Osman Nur negligently or wantonly operated the 2020 Volvo causing the collision and bodily injuries to two adults and one minor. Underlying Complaint, **Exhibit A**. Additionally, Broaders and Foster allege that Laneway Transport and Coreway Logistics negligently hired, trained, or supervised Osman Nur causing the collision. Underlying Complaint, **Exhibit A**.

17. United Financial asserts that the Policy does not provide liability coverage for the underlying accident and suit because the vehicle driven by Defendant Osman Nur was not an insured auto pursuant to the terms, conditions, and provisions of the Policy.

18. United Financial asserts that the Policy does not provide liability coverage for the underlying accident and suit because Osman Nur is not an insured driver pursuant to the terms, conditions, and provisions of the Policy.

19. United Financial asserts that the Policy does not apply to, nor does it provide coverage for, the underlying accident and suit because Laneway Transport failed to promptly report the loss, failed to notify United

Financial of the claim or suit, and has otherwise failed to cooperate in the defense and investigation of the underlying accident, claim, and suit, thereby breaching the contract of insurance.

20. United Financial asserts that it has no duty to defend, or continue to defend Laneway Transport, Osman Nur, or any other insured in the underlying suit.

21. United Financial asserts that it has no duty to indemnify Laneway Transport, Osman Nur, or any other insured in the underlying suit.

## IV. The United Financial Policy

22. The Policy issued by United Financial to Laneway Transport has $1,000,000 in policy limits. Policy Declarations at UF000002-UF000004, **Exhibit C**.

23. At the time of the underlying accident, the following "insured autos" were covered under the Policy:

- 2014 utility trailer (VIN1UYVS2530EU903409)
- 2021 Freightliner Cascadia (VIN3AKJHHDV7MSMS1104)
- 2001 Volvo (VIN4V4NC9RH81N321772)
- a non-owned attached trailer but *only* while it is attached to the 2021 Freightliner Cascadia or 2001 Volvo.

Policy Declarations at UF000003-UF000004, **Exhibit C**.

24. Based on information and belief, all the "insured autos" listed in declarations page were operational on the date of the accident.

25. The 2020 Volvo (VIN 4V4NC9TH6LN223383) involved in the underlying accident was not listed as an "insured auto" under the Policy at the time of the accident. Policy Declarations at UF000003-UF000004, **Exhibit C**.

26. At the time of the underlying accident, the following drivers were listed as insured drivers under the Policy: Deq Salat and Neguss Ayele. Policy Declarations at UF000003, **Exhibit C**.

27. Osman Nur was not listed as an insured driver under the Policy at the time of the accident. Policy Declarations at UF000003, **Exhibit C**.

28. The Policy also includes an MCS-90 Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980. Policy at UF000005-UF000006, **Exhibit C**.

29. United Financial is providing Laneway Transport and Osman Nur a defense under a reservation of rights in the underlying suit pursuant to the terms and conditions of the Policy.

30. The Policy provides liability coverage, in pertinent part, as follows:

<u>Part I—Liability to Others</u>

**Insuring Agreement—Liability to Others**

Subject to the Limits of Liability, if you pay the premium for liability coverage for the **insured auto** involved, we will pay damages, *other than punitive or exemplary damages*, for bodily injury [and] property damage . . . for which an **insured** becomes legally responsible because of an **accident** <u>arising out of the ownership, maintenance or use of that</u> **insured auto**. . . .

. . . .

**Additional Definitions Used in this Part Only** [as modified by the Minnesota Amendatory Endorsement]

A. When used in Part I—Liability to Others, **insured** means:
1. **You** with respect to an **insured auto**.
2. **Any person while using**, with your permission, and within the scope of that permission, an **insured auto** you own, hire or borrow . . .

. . . .

<u>For purposes of this subsection A.2.</u>, an **insured auto** <u>you own includes any auto</u> **specifically described on the declarations page**.

. . . .

If we make a filing or submit a certificate of insurance on your behalf with a regulatory or governmental agency, the term "**insured**" as used in such filing or certificate, and in any related endorsement, refers only to the person or organization named on such filing, certificate or endorsement.

Policy at UF000063, UF000111, UF000113-UF000114, **Exhibit C** (emphasis added). And thus, liability coverage under the United Financial commercial auto policy is dependent upon an accident involving an "insured auto."

8

The Policy defines an "insured auto" as:

## General Definitions

6.  **"Insured Auto"** or **"your insured auto"** means:

    a.  Any auto **specifically described on the declarations page**; or
    b.  An **additional auto** for Part I—Liability to Others . . . on the date you become the <u>owner</u> *if*:
        (i)  you acquire the auto during the policy period shown on the declarations page;

        . . . .

        (iv)  you tell us <u>within 30 days</u> after you acquire it that you want us to cover it for that coverage.

        . . . .

    c.  Any **replacement auto** on the date you become the <u>owner</u> *if*:
        (i)  you acquire the auto during the policy period shown on the declarations page;
        (ii)  the auto that you acquire **replaces one specifically described on the declarations page** due to <u>termination of your ownership</u> of the replaced auto *or* due to <u>mechanical breakdown</u> of, <u>deterioration</u> of, <u>or loss</u> to the replaced auto <u>that renders it permanently inoperable</u> . . .

    If we provide coverage for a **replacement auto**, we will provide the same coverage for the replacement auto as we provide for the replaced auto. We will provide that coverage for a <u>period of 30 days</u> <u>after you become the owner</u> of such replacement auto. We will not provide any coverage after this 30-day period unless within this period you ask us to insure the replacement auto. . . .

9

Policy at UF000059-UF000060, **Exhibit C** (emphasis added). And, as modified by the Minnesota Amendatory Endorsement, an insured auto in this case also includes:

> B. When used in Part I—Liability to Others, only, **insured auto** also includes:
>
>    . . . .
>
>    3. Any **temporary substitute auto** . . .
>
>    . . . .

Policy at UF000114, **Exhibit C** (emphasis added). The Policy defines a **temporary substitute auto** as follows:

> General Definitions
>
> 17. **"Temporary substitute auto"** means any auto **you do not own** while used with the permission of its owner <u>as a temporary substitute for an **insured auto** that has been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction</u>. However, temporary substitute auto **does not include** any <u>auto available for the regular or frequent use of you</u>, a relative, <u>or your employees</u>, unless that auto is insured under a separate policy of insurance that provides at least the minimum required limits of financial responsibility under the applicable state and federal laws.

Policy at UF000063, **Exhibit C** (emphasis added).

## V.    Grounds for Declaratory Judgment

31. The liability coverage provided in the Policy only applies to damages because of an accident arising out of the ownership, maintenance, or

10

use of an insured auto. Thus, unless the vehicle driven by Osman Nur was an "insured auto" there is no liability coverage for the accident under the Policy. And, under Minnesota law, only a lawsuit seeking damages covered by the Policy triggers a duty to defend.

32. Under the Policy an insured auto is either (a) listed on the declarations, (b) an additionally acquired auto, (c) a replacement auto for a vehicle listed on the declarations, or (d) a temporary substitute for a vehicle listed on the declarations.

33. **Autos Described in the Declarations:** The vehicle driven by Osman Nur in the underlying accident, a 2020 Volvo with a VIN of 4V4NC9TH6LN223383, was not listed on the Policy's declarations and was thus not an insured auto under the first criteria.

34. **Additionally Acquired Auto:** Based upon information and belief, Laneway Transport purchased the 2020 Volvo on May 15, 2024, which is within the policy period. And so, if Laneway Transport wanted coverage for this newly acquired vehicle under the Policy, it had 30 days to notify United Financial. This 30-day window closed for Laneway Transport on June 14, 2025. But Laneway Transport never told United Financial about its ownership of the 2020 Volvo or requested coverage for it before the underlying accident.

The underlying accident occurred <u>90 days</u> after Laneway Transport purchased the 2020 Volvo. And thus, the vehicle driven by Osman Nur in the underlying accident, a 2020 Volvo with a VIN of 4V4NC9TH6LN223383, could not be an additionally acquired auto as defined in the Policy, and was not an insured auto under the second criteria.

35. **Replacement Auto:** Laneway Transport owned all the vehicles listed on the Policy's declarations on the date of the accident. Further, none of the vehicles listed on the Policy's declarations were "permanently inoperable" on the date of the accident due to a mechanical breakdown, deterioration, or other loss. Thus, the vehicle driven by Osman Nur in the underlying accident, a 2020 Volvo with a VIN of 4V4NC9TH6LN223383, could not be a replacement auto as defined in the Policy, and was not an insured auto under the third criteria.

36. **Temporary Substitute:** Based on information and belief, Laneway Transport owned the vehicle driven by Osman Nur in the underlying accident, and, therefore, that vehicle could never be a temporary substitute (which is a non-owned auto) as defined in the Policy, and was thus not an insured auto under the fourth criteria.

37. United Financial is only obligated to provide defense and indemnity under the Policy if the damages resulted from an accident involving an insured auto. Because the vehicle driven by Osman Nur in the underlying accident was <u>not</u> (a) listed on the declarations, (b) an additionally acquired auto, (c) a replacement auto for a vehicle listed on the declarations, or (d) a temporary substitute for a vehicle listed on the declarations, it was not an insured auto under the Policy. There are no allegations in the underlying suit that the accident involved a vehicle to which the Policy applies; accordingly United Financial has no duty to defend Laneway Transport, Osman Nur, or any other insured in the underlying suit. Because the vehicle involved in the accident was not an insured auto under the Policy there is no duty to indemnify against any damages awarded in the underlying action.

38. Because Osman Nur was neither a listed driver under the Policy, nor was he operating an insured auto at the time of the underlying accident, Osman Nur is not entitled to liability coverage or indemnification under the Policy.

39. Based on the facts and circumstances of the underlying accident, the claims made in the underlying suit, and the terms of the Policy at issue, there exists a justiciable controversy as to whether coverage exists for

Laneway Transport and Osman Nur under the Policy. Additionally, controversy exists as to whether United Financial, under the terms and conditions of the applicable Policy language, is obligated to defend and indemnify Laneway Transport, Osman Nur, or any other insured in the underlying suit.

40. United Financial avers that it has complied with all terms and conditions of the applicable Policy and that it owes no defense, coverage, or indemnification for the claims asserted in the underlying suit pursuant to that Policy.

41. For these reasons, United Financial asserts that there is no liability coverage for the underlying suit.

Considering this, United Financial prays that the Court will declare and order:

1. United Financial has no duty to defend or continue to defend Laneway Transport, Osman Nur, or any other insured in the underlying suit;

2. United Financial has no duty to indemnify Laneway Transport, Osman Nur, or any other insured in the underlying suit; and

3. Such other and further relief to which United Financial is entitled.

                    */s/ Natalie A. Daugherty*
                    Natalie A. Daugherty (ASB-6494-A55D)
                    Attorney for United Financial Casualty Company

OF COUNSEL:
Holtsford Gilliland Hitson Howard Stevens Tuley& Savarese, P.C.
Merritt Building II
6483 Van Buren Street
Daphne, AL 36526
T: (251) 447-0234
F: (251) 447-0212
ndaugherty@hglawpc.com

**Defendants to be Served via Certified Mail as Follows:**

Tonia Broaders
c/o W. Bradford Kittrell
Andy Citrin Injury Attorneys, P.C.
P.O. Box 2187
Daphne, AL 36526

Dominick Foster
c/o W. Bradford Kittrell
Andy Citrin Injury Attorneys, P.C.
P.O. Box 2187
Daphne, AL 36526

Osman Nur
1015 Hunterhill Drive
Roswell, GA 30075

Laneway Transport, Inc.
2136 Ford Parkway #8438
Saint Paul, MN 55116

Coreway Global Logistics, Inc.
218 First Ave. S.
#1038
Jamestown, ND 58401